UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

4465 SW 34 TERRACE "L.L.C."         CASE NO.: 18-18906-JKO
                                    CHAPTER 11
    Debtor.
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY FOR CAUSE

GREGORY FARRINGTON, ("Creditor") by and through his undersigned attorneys, moves the Court for an Order lifting, modifying or annulling the automatic stay for cause, and in support thereof would show:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor listed above (the "Debtor") filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on July 23, 2018.

3. On March 19, 2018 Creditor obtained a Final Summary Judgment of Mortgage Foreclosure against Debtor in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, in the amount of $145,140.06 (the "Judgment"). Exhibit "A" Said Judgment confirms Creditor's secured interest in the Debtor's property located at 8970 Lake Park Circle N., Davie, FL 33328-6984 and legally described in the attached Judgment.

4. In addition to the amounts set forth in Creditor's Judgment, Debtor's Chapter 11 Case Management Summary [ECF 18] filed August 8, 2018 discloses that the property described in the Final Summary Judgment of Mortgage Foreclosure is also encumbered by a mortgage held by Stephanie A. Dale in the sum of $100,000.00.

5. According to the Broward County Property Appraisal, the estimated market value of the subject property is $278,480.00. Exhibit "B" After deductions for costs of sale there is little to no equity in the subject property for the benefit of unsecured creditors of the estate.

6. Additionally, the subject property is not adequately insured. In response to a request by Creditor for proof of insurance, Debtor provided the attached Certificate of Property Insurance. Exhibit "C" The named insureds listed on the Certificate are: "Dara and James Stote." The Stotes neither own nor have an insurable interest in the property, which may result in a denial of coverage by the insurance carrier in the event of a casualty loss. Moreover, the Certificate does not list Creditor as a loss payee as required by the terms of the mortgage. Exhibit "D"

7. The property cannot be claimed exempt and for the reasons stated above is not necessary for an effective reorganization by the Debtor(s).

8. Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) and (2) for the automatic stay to be lifted to allow Creditor to pursue *in rem* remedies given that its interests are not being adequately protected due to the failure of the Debtor(s) to make payments prior and subsequent to the filing of the instant bankruptcy petition[1], the fact that there is little to no equity in the subject property and the fact that the property is not adequately insured, all while Creditor is prohibited from pursuing lawful remedies to enforce its judgment.

9. Creditor respectfully requests the Court waives the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001 (a)(3), so the Creditor can pursue its *in rem* remedies without further delay.

10. Pursuant to 11 U.S.C. § 362(e), Secured Creditor hereby requests that in the event a

---

[1]**Debtor made no payments on the note and mortgage which resulted in the final judgment.**

hearing becomes necessary, one beheld within thirty (30) days.

      11. Pursuant to Local Rule 9072-1, a Proposed Order accompanies this Motion. Exhibit "E"

      WHEREFORE, Creditor respectfully requests that the automatic stay be lifted so that it may pursue *in rem* to protect its security interest in the Debtor(s)' property outside of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) be waived, that Creditor's attorneys' fees and costs incurred in filing this Motion be recoverable in rem, that in the event a hearing is necessary, the hearing be held within thirty (30) days, and for such other relief as the Court may deem just and proper.

      I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

      I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via regular mail on the 15th day of August, 2018 to: 4465 SW 34 Terrace "L.L.C.", 4465 SW 34 Terrace, Ft. Lauderdale, FL 33312; and the following parties were served by Notice of Electronic transmission on the 15th day of August, 2018 to: Aron Szabo, 1401 Sawgrass Corporate Parkway, Ft. Lauderdale, FL 33323 and Office of the US Trustee, 51 S.W. First Avenue, Miami, FL 33130.

                              SAX, WILLINGER & GOLD
                              Attorney for Creditor Gregory Farrington
                              5801 NW 151 Street, Suite 307
                              Miami Lakes, FL 33014
                              (305) 591-1040

                              /s/ Stuart M. Gold
                              STUART M. GOLD, ESQ.
                              Fla. Bar No.: 265421

Space Above For Recording Purposes Only

|  | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
|---|---|

GREGORY FARRINGTON,
    Plaintiff,

vs.

CASE NO. CACE-17-022608 (11)

4465 SW 34 TERRACE "L.L.C.", a Florida limited
liability company; JAMES STOTE; STEPHANIE R.
DALE; LAKE PARK AT FOREST RIDGE HOMEOWNERS
ASSOCIATION, INC., a Florida not for Profit Corporation;
UNKNOWN TENANT IN POSSESSION #1; AND
UNKNOWN TENANT IN POSSESSION #2;
    Defendants.
_____/

## FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE

THIS CAUSE came before me on March 19, 2018 upon Plaintiff's Motion For Summary Final Judgment For Foreclosure and Assessment of Reasonable Attorney's Fees, and the Court having examined the documents and pleadings filed herein and being otherwise fully advised, it is

ORDERED AND ADJUDGED as follows:

1.    **Amounts Due.** Plaintiff, GREGORY FARRINGTON, whose address is 221 W. Oakland Park Blvd., Ft. Lauderdale, FL 33311 is due:

| | |
|---|---|
| Principal............................................................................................. | $130,000.00 |
|    Interest to date of this Judgment (March 19, 2018 )............. | $ 10,096.56 |
|    Title Search Expense........................................................... | $     225.00 |
|    Taxes.................................................................................... | $ |
|    Attorneys Fees total............................................................. | $   3,000.00 |
|    Court Costs, now taxed....................................................... | $   1,753.50 |
|    Other: Accumulated late charges........................................ | $      65.00 |
| Sub-Total........................................................................................... | $145,140.06 |
|    Less: Escrow Balance......................................................... | $ |
| Total.................................................................................................. | $145,140.06 |

that shall bear interest at the statutory rate provided in Florida Statute §55.03.

**EXHIBIT A**

Space Above For Recording Purposes Only

---

2. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), on the following described property in Broward County, Florida.

**Lot 51, of FOREST RIDGE CLUSTER HOMES IV A,, according to the Plat thereof, recorded in Plat book 156, at Page 12, of the Public Records of Broward County, Florida.**

**a/k/a 8970 Lake Park Circle N., Davie, FL 33328-6984.**

3. **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this Judgment are not paid, the Clerk of this Court shall sell said property at Public Sale on _____MAY 22_____, 2018, to the highest bidder for cash, except as described in Paragraph 4 in accordance with Section 45.031, Florida Statutes, by electronic sale beginning at 10:00 a.m. on the prescribed date at www.broward.realforeclose.com

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If the Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs incurred subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending to the further order of this Court.

6. **Right of Redemption/Right of Possession.** On filing the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and Defendant's right of redemption as prescribed by Section 45.0315, Florida Statute (2013) shall be terminated, except as to claims or rights under Chapter 718 or Chapter 720, Florida Statutes, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property and upon application by the purchaser or purchasers and payment of the appropriate fees and costs, the Clerk of the Court is hereby specifically authorized and directed to issue a Writ of Possession against named Defendant(s) for the premises and the Sheriff is hereby specifically authorized and directed to serve the Writ of Possession forthwith. Notwithstanding the foregoing, this paragraph is subject to the provisions of the Protecting Tenant At Foreclosure Act of 2009, as amended.

Space Above For Recording Purposes Only

---

7. **Attorney's Fees.** The Court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the Plaintiff that 10.00 hours were reasonably expended by Plaintiff's counsel and that an hourly rate of $300.00 is appropriate. Plaintiff's counsel represents that the attorney's fees awarded does not exceed its contract fee with the Plaintiff. The Court finds that there is/are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

8. **Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper, including without limitation, a motion for the taxation of additional attorney's fees and court costs pursuant to FRCP 1.525, a deficiency judgment and/or a writ of possession.

9. **Other.** The Plaintiff may assign the Judgment or the bid to a third party without further Order of the Court. If the Plaintiff or the Plaintiff's assignee is the purchaser at the sale, the Clerk shall credit on the bid of the Plaintiff or Plaintiff's assignee the total sum herein found to be due the Plaintiff or such portion thereof as may be necessary to pay fully the bid of the Plaintiff or Plaintiff's assignee.

IF THE PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT OF BROWARD COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.

Space Above For Recording Purposes Only

IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE COUNTY LEGAL AID OFFICE OF LEGAL AID SERVICE OF BROWARD COUNTY, INC., 491 N. STATE ROAD 7, PLANTATION, FL 33317, PHONE: (954) 765-8950. TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT BROWARD COUNTY AID SERVICES FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in open court at Fort Lauderdale, Broward County, Florida, this _____ day of _____, 2018.

_____
JOEL L. LAZARUS
CIRCUIT COURT JUDGE

TRUE COPY

Copies Furnished to:
DAVID R. ROY, P.A.
Attn: David R. Roy, Esq. (Fla. Bar No. 885193)
4209 N. Federal Hwy.
Pompano Beach, FL 33064
david@davidrroy.com

4465 SW 34 TERRACE "L.L.C."
Attn: James Stote, Registered Agent
4465 SW 34 Terr.
Ft. Lauderdale, FL 33312

JAMES STOTE
4465 SW 34 Terr.
Ft. Lauderdale, FL 33312

Stevens & Goldwyn, P.A.
Attn: Cassandra Racine-Rigaud, Esq.
2 South University Drive, Ste. 329
Planatation, FL 33324
Email: service@stevensandgoldwyn.com
Attorneys for LAKE PARK AT FOREST RIDGE HOMEOWNERS ASSOCIATION, INC.

Krinzman, Huss, & Lubestsky, P.A.
Attn: Cary A. Lubetsky, Esq.
800 Birckell Ave., Ste. 1501
Miami, FL 33131
Email: cal@khllaw.com
Attorneys for STEPHANIE R. DALE



**MARTY KIAR BROWARD COUNTY PROPERTY APPRAISER**

| Site Address | 8970 LAKE PARK CIRCLE N, DAVIE FL 33328-6984 | ID # | 5041 20 14 0510 |
|---|---|---|---|
| Property Owner | 4465 SW 34 TERRACE LLC | Millage | 2412 |
| Mailing Address | 4465 SW 34 TER FORT LAUDERDALE FL 33312 | Use | 01 |
| Abbr Legal Description | FOREST RIDGE CLUSTER HOMES IV A 156-12 B LOT 51 | | |

The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).

### Property Assessment Values

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2018 | $36,450 | $242,030 | $278,480 | $278,480 | |
| 2017 | $36,450 | $223,950 | $260,400 | $214,100 | $3,887.34 |
| 2016 | $36,450 | $213,370 | $249,820 | $209,700 | $3,849.61 |

### 2018 Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $278,480 | $278,480 | $278,480 | $278,480 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH | $278,480 | $278,480 | $278,480 | $278,480 |
| Homestead | 0 | 0 | 0 | 0 |
| Add. Homestead | 0 | 0 | 0 | 0 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $278,480 | $278,480 | $278,480 | $278,480 |

### Sales History

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 10/5/2017 | QCD-T | $100 | 114649327 |
| 2/26/1999 | WD | $127,000 | 29312 / 1163 |
| 3/1/1995 | WD | $115,700 | 23222 / 302 |
| | | | |
| | | | |

### Land Calculations

| Price | Factor | Type |
|---|---|---|
| $9.00 | 4,050 | SF |
| | | |
| | | |
| | | |

| Adj. Bldg. S.F. (Card, Sketch) | 1470 |
|---|---|
| Units/Beds/Baths | 1/2/2 |
| Eff./Act. Year Built: 1996/1995 | |

### Special Assessments

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
|---|---|---|---|---|---|---|---|---|
| 24 | D | | B | | | | | |
| R | 1 | | B | | | | | |
| 1 | | | | | | | | |

**EXHIBIT B**

| ACORD® | CERTIFICATE OF PROPERTY INSURANCE | DATE (MM/DD/YYYY) 10/06/2017 |
|---|---|---|

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**PRODUCER**
Finney Insurance Corporation
5601 Sheridan Street
Hollywood, FL 33021

**CONTACT NAME:**
PHONE (A/C, No, Ext): 954-966-5533
FAX (A/C, No): 954-989-8208
E-MAIL ADDRESS: christinad@finneyinsurancecorp.com
PRODUCER CUSTOMER ID: 00015039

**INSURER(S) AFFORDING COVERAGE** | NAIC #
INSURER A: Scottsdale Insurance Company
INSURER B: Scottsdale Insurance Company
INSURER C:
INSURER D:
INSURER E:
INSURER F:

**INSURED**
Dara and James State
8970 Lake Park Circle N
Davie, FL 33328

**COVERAGES** CERTIFICATE NUMBER: REVISION NUMBER:

LOCATION OF PREMISES / DESCRIPTION OF PROPERTY (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
8970 Lake Park Circle N, Davie, FL 33328

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|---|
| A | [X] PROPERTY CAUSES OF LOSS: [ ] BASIC [ ] BROAD [X] SPECIAL [ ] EARTHQUAKE [ ] WIND [ ] FLOOD | DEDUCTIBLES BUILDING 204,000 CONTENTS | CPS2998677 | 10/06/2017 | 10/06/2018 | [X] BUILDING PERSONAL PROPERTY BUSINESS INCOME EXTRA EXPENSE RENTAL VALUE BLANKET BUILDING BLANKET PERS PROP BLANKET BLDG & PP | $204,000 $ $ $ $ $ $ $ $ $ |
| | INLAND MARINE CAUSES OF LOSS NAMED PERILS | | TYPE OF POLICY POLICY NUMBER | | | | $ $ $ $ |
| | CRIME TYPE OF POLICY | | | | | | $ $ $ |
| | BOILER & MACHINERY / EQUIPMENT BREAKDOWN | | | | | | $ $ |
| B | General Liability | | CPS2998677 | 10/06/2017 | 10/06/2018 | Building | $1,000,000/ 2,000,000 $ |

SPECIAL CONDITIONS / OTHER COVERAGES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Certificate holder is listed as Loss Payee
5% wind ded/ $2,500 AOP/ 10% Theft

**CERTIFICATE HOLDER** | **CANCELLATION**
| SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE

© 1995-2015 ACORD CORPORATION. All rights reserved.
ACORD 24 (2016/03)    The ACORD name and logo are registered marks of ACORD

Printed by CMD on October 06, 2017 at 01:38PM

EXHIBIT C

Instr# 114649328 , Page 1 of 6, Recorded 10/09/2017 at 11:55 AM
Broward County Commiss...
Mtg Doc Stamps: $455.00 Int Tax: $260.00

Case 18-18906-JKO  Doc 21  Filed 08/15/18  Page 10 of 17

Prepared by and return to:
U.S. TITLE & ESCROW INC.
by Fred P. Senesi
2715 E. Oakland Park Blvd., Suite 300
Fort Lauderdale, FL 33306
File No. 17-215
Property Appraisers Parcel ID # 504120140510

# THIS MORTGAGE DEED

### THIS IS A FIRST MORTGAGE

This is a balloon mortgage and the final principal payment or the principal balance due upon maturity is $130,000.00, together with accrued interest, if any, and all advancements made by the mortgagee under the terms of this mortgage and the note secured hereby.

Executed October 5, 2017 by 4465 SW 34 Terrace "L.L.C.", a Florida Limited Liability Co., whose post office address is 4465 SW 34 Terrace , Fort Lauderdale , FL 33312, hereinafter called the mortgagor, to Gregory Farrington whose mailing address is PO Box 5524, Fort Lauderdale, FL 33310 hereinafter called the mortgagee:
(Wherever used herein the terms "mortgagor" and "mortgagee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals and the successors and assigns of corporations; and the term "note" includes all the notes herein described if more than one.)

WITNESSETH, that for good and valuable considerations, and also in consideration of the aggregate sum named in the promissory note of even date herewith, hereinafter described, the mortgagor hereby grants, bargains, sells, aliens, remises, conveys and confirms unto the mortgagee all the certain land of which the mortgagor is now seized and in possession situated in Broward County, State of Florida, viz:

Lot 51, FOREST RIDGE CLUSTER HOMES IV A, according to the map or plat thereof, as recorded in Plat Book 156, Page 12, of the Public Records of Broward County, Florida.

To Have and to Hold the same, together with the tenements, hereditaments and appurtenances thereto belonging, and the rents, issues and profits thereof, unto the mortgagee, in fee simple.

And the mortgagor covenants with the mortgagee that the mortgagor is indefeasibly seized of said land in fee simple; that the mortgagor has good right and lawful authority to convey said land as aforesaid; that the mortgagor will make such further assurances to perfect the fee simple title to said land in the mortgagee as may reasonably be required; that the mortgagor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free and clear of all encumbrances except:

Provide Always, that if said mortgagor shall pay unto said mortgagee the certain promissory note executed simultaneously with this mortgage deed and shall perform, comply with and abide by each and every the agreements, stipulations, conditions and covenants thereof, and of this mortgage, then this mortgage and the estate hereby created, shall cease, determine and be null and void.

**EXHIBIT D**

File No.: 17-215

UST

And the mortgagor hereby further covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for in said note and this mortgage, or either; to pay all and singular the taxes, assessments, levies, liabilities, obligations and encumbrances of every nature on said property; to permit, commit or suffer no waste, impairment or deterioration of said land or the improvements thereon at any time; to keep the buildings now or hereafter on said land fully insured in a sum of not less than the highest insurable value in a company or companies acceptable to the mortgagee, the policy or policies to be held by, and payable to, said mortgagee, and in the event any sum of money becomes payable by virtue of such insurance the mortgagee shall have the right to receive and apply the same to the indebtedness hereby secured, accounting to the mortgagor for any surplus; to pay all costs, charges, and expenses, including lawyer's fees and title searches, reasonably incurred or paid by the mortgagee because of the failure of the mortgagor to promptly and fully comply with the agreements, stipulations, conditions and covenants of said note and this mortgage, or either; to perform, comply with and abide by each and every the agreements, stipulations, conditions and covenants set forth in said note and this mortgage or either. In the event the mortgagor fails to pay when due any tax, assessment, insurance premium or other sum of money payable by virtue of said note and this mortgage, or either, the mortgagee may pay the same, without waiving or affecting the option to foreclose or any other right hereunder, and all such payments shall bear interest from date thereof at the highest lawful rate then allowed by the laws of the State of Florida.

If any sum of money herein referred to not be promptly received within __10__ days next after the same becomes due, or if each and every the agreements, stipulations, conditions and covenants of said note and this mortgage, or either, are not fully performed, complied with and abided by, then the entire sum mentioned in said note, and this mortgage, or the entire balance unpaid thereon, shall forthwith or thereafter, at the option of the mortgagee, become and be due and payable, anything in said note or herein to the contrary notwithstanding. Failure by the mortgagee to exercise any of the rights or options herein provided shall not constitute a waiver of any rights or options under said note or this mortgage accrued or thereafter accruing.

The Mortgagors shall furnish to the Mortgagee, no later than December of each year, proof of payment of all real estate taxes for that year assessed against the property encumbered hereby. The Mortgagor shall furnish to the Mortgagee, not later than sixty days prior to the expiration date of the current insurance policy on the property, proof that there is a fully paid policy of insurance, including "flood and tidal water" insurance (if property is in "Flood Zone"), and "windstorm coverage", existing on the premises in conformance with the requirements of this mortgage listing the Mortgagee hereunder as a loss payee. In the event Mortgagee receives notice of cancellation of any required insurance on the property, and Mortgagee does not receive notice of replacement or reinstatement within five days of receipt of said notice (regardless whether or not the policy actually lapses), there shall be a one-time $50.00 service charge to Mortgagor in addition to any other rights or remedies that Mortgagee has hereunder.

The lien of this mortgage shall extend to and include all rents and profits of the mortgaged property. In the event of a default of this mortgage by the Mortgagors herein, it is covenanted and agreed that the Mortgagee, their heirs, personal representatives or assigns, immediately be entitled as a matter of right and without regard to the value of the premises hereinabove described, to the appointment of a receiver to the mortgaged premises, and the rents, insurance and profits thereof, with the usual powers of receivers in such cases, and the said Mortgagors consent that during said receivership the said receiver may be continued in possession of said premises during the pendency of any foreclosure and until the time of the sale thereof or thereunder and until the confirmation of said sale by a court having competent jurisdiction.

A default in any prior mortgage or failure to make any payment as required by a prior mortgage, regardless whether or not consented to by prior mortgagee, or any modification, extension of a time due for payment or other grace period extension, shall constitute a default in this mortgage even though this mortgage is current. In addition to any other remedies the Mortgagee hereunder has, Mortgagee, at its option, shall have the right to correct any default in the prior mortgage and add any payments made or costs incurred to the balance due on this mortgage

This Mortgage Deed and the note for which it is security may be assumed only after written application has been made to the Mortgagees by any prospective Mortgagors, containing such evidence of the prospective Mortgagors credit worthiness as may be reasonably required by Mortgagees, and Mortgagees are reasonably satisfied with the credit worthiness of the prospective Mortgagors.

If any part of this property or any interest therein is sold or transferred in any matter whatsoever, by Mortgagor, without Mortgagees prior written consent, excluding the creation of a lien or encumbrance subordinate to this mortgage, a transfer by devise, descent, or operation of law upon the death of the Mortgagor, or the grant of any leasehold interest of one year or less, Mortgagee may at Mortgagee's option declare all sums secured by this mortgage to be immediately due and payable

File No.: 17-215

UST

This Mortgage secures and shall be security for any and all future advances made by Mortgagee to Mortgagor (or any of them if more than one), provided, however that said future advances be made within twenty (20) years from the date hereof, and that the total unpaid balance secured hereby at any one time shall not exceed double the amount of the Note, together with interest thereon at the rate then agreed upon, pursuant to Florida Statutes, Section 697.04. Nothing contained herein shall be deemed an obligation on the part of the Mortgagee to make further advances.

This note may be prepaid in whole or part at any time without penalty. Any amount prepaid will first be applied to interest accrued through the date of prepayment, and then to the outstanding principal balance.

In addition to any other rights of the Mortgagee hereunder, any amount received by Mortgagee more than 10 days after the date such amount is due, whether principal, interest or otherwise, shall carry a one-time late charge of the greater of (i) $50 or (ii) five percent (5%) of the amount overdue.

In the event that any amount is paid or required to be paid pursuant to this Mortgage or in obtaining this Mortgage, and such amount is in excess of that allowed under Florida or Federal Law, then that amount shall be reduced to the maximum allowed by Law.

In the event that legal action is required to enforce any provision of this Mortgage, or the Note secured hereby, regardless whether or not suit is filed, Mortgagor shall pay to Mortgagee all costs of such legal action, including all attorney fees incurred by Mortgagee, including without limiting the foregoing, all pre-trial, trial, appellate, supplementary process and bankruptcy attorney fees and costs.

In the event of default, all sums due hereunder, including without limiting the foregoing, principal, interest, costs, advances to prior mortgagees, insurance, taxes and/or amounts advanced by mortgagee to protect the property or the lien of this Mortgage shall be added to the amount secured by this mortgage and shall bear interest at the rate of 18% per year.

In Witness Whereof, the said mortgagor has hereunto signed and sealed these presents day and year first above written.

**This is a balloon mortgage and the final principal payment or the principal balance due upon maturity is $131,300.00, together with accrued interest, if any, and all advancements made by the mortgagee under the terms of this mortgage.**

Signed, sealed and delivered in the presence of:

Witnesses
_____
Witness #1 Signature
Nancy M. Chiotakis
Witness #1 Printed Name

_____
Witness #2 Signature
_____
Witness #2 Printed Name

4465 SW 34 Terrace "L.L.C.", a Florida Limited Liability Co.

_____
James Stote, Manager

State of Florida
County of Broward

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, personally appeared James Stote, Manager of 4465 SW 34 Terrace "L.L.C.", a Florida Limited Liability Co., known to me or who has/have produced ___FL DL___ (type of identification) as identification and who did take an oath and executed the foregoing instrument and acknowledged before me that he/she/they executed the same.

Witness my hand and official seal this 5th day of October, 2017.

_____
Notary Public

ALEJANDRA SALAZAR
Commission # FF 138399
My Commission Expires
July 10, 2018

File No.: 17-215

UST

## COLLATERAL ASSIGNMENT OF RENTS

THIS COLLATERAL ASSIGNMENT OF RENTS ("Assignment") executed October 5, 2017, by:

**4465 SW 34 Terrace "L.L.C.", a Florida Limited Liability Co.**
("Assignor")
to
**Gregory Farrington**
("Assignee")

WITNESSETH:

**WHEREAS**, the Assignor executed in favor of the Assignee that certain Promissory Note of even date, in the sum of **One Hundred Thirty Thousand and 00/100 ($130,000.00)** (the "Note"), the payment of which is secured by a Mortgage and Security Agreement (the "Mortgage") of even date, on fee simple property located in Broward County, Florida, said property more particularly described as:

**Lot 51, FOREST RIDGE CLUSTER HOMES IV A, according to the map or plat thereof, as recorded in Plat Book 156, Page 12, of the Public Records of Broward County, Florida.**
(the "Property"); and

**WHEREAS**, as further security for the payment of the Note, Assignor desires to assign to Assignee all its right, title and interest in and to all Leases pertaining to the Property (the "Lease"), whether written or oral without limitation, whether presently or hereafter made along with all rents, issues, profits and cash flow now due and which may hereafter become due or which may be generated by virtue of the leases of the Property.

**NOW, THEREFORE**, Assignor, for good and valuable consideration, in hand paid by the Assignee, the receipt of which is hereby acknowledged, does hereby agree as follows:

1  a) Assignor, does hereby collaterally transfer, assign, convey, set over and deliver unto Assignee, as security for the payment and performance of all the terms and conditions of said Note, and any and all amendments, extensions and renewals thereof, the Leases and all amendments, extensions and renewals of any lease and all rents, profits, income and cash flow which may now or hereafter be or become due or owing under the Lease or on account of the use of the Property, it being intended hereby to establish a complete transfer of the lease, rents, income, profits and cash flow hereby assigned unto the Assignee with the right, but without the obligation to collect all of said rents and other income which may become due during the life of this assignment.

b) Although it is the intention of the parties that this instrument shall be a present Assignment, it is expressly understood and agreed, anything herein contained to the contrary, notwithstanding, that the Assignee shall not exercise any of the right or powers herein conferred upon it until an Event of Default shall occur, as more fully set forth in Paragraph "7" hereafter, or under the terms and provisions of the Note or Mortgage executed simultaneously this date or any instrument or agreement executed pursuant thereto, but upon the occurrence of any such Event of Default, the Assignee shall be entitled to all of the rights and powers conferred upon Assignee hereunder.

2.  Upon an Event of Default remaining uncured pursuant to the provisions of Paragraph "7" herein, Assignee shall be the true and lawful attorney of assignor, with full power of substitution and with power for it and in its name, place and stead without notice to Assignor, to demand, collect, receipt and give complete acquittance for any and all rents, income and other amounts herein assigned with may be or become due and payable by any tenant, occupant or other user or entity involved with the Property, and at its discretion to file any claim or take any other action or proceeding and make any settlement of any claims, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce payment of any and all rents and other amounts herein assigned, and with the full power to use and apply all such rents and other income to the payment of the costs of managing and operating the Property and of any indebtedness or liability of Assignor to Assignee, including but not limited to attorneys' fees incurred in connection with the enforcement of this Assignment. All persons dealing with the Assignor are hereby authorized and directed by Assigner to pay all rents and other amounts herein assigned to Assignee or such nominee as Assignee may designate in writing, delivered to and received by such persons who are expressly relieved of any and all duty, liability or obligation to Assignor in respect of all payments so made.

3.  Assignee shall be under no obligation to press any of the rights or claims assigned to it hereunder or to perform or carry out any of the obligations of the lessor under the Leases and does not assume any of the

File No.: 17-215

UST

liabilities in connection with or arising or growing out of the covenants and agreements of Assignor; and Assignor covenants and agrees that it will faithfully perform all of the obligations imposed under the Leases and hereby agrees to indemnify Assignee and hold it harmless from any liability, loss or damage which may or might be incurred by it under said Leases or by reason of this Assignment, and from any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Leases.

4. Assignor hereby represents and warrants to Assignee that it is the sole owner of the Property and that it will be the only Lessor of any Lease pertaining to the Property and the only party entitled to receive any income, rents or profits pertaining to the Property; that said leases will be valid and enforceable, that Assignor will not transfer or assign said Leases, and the rents thereunder or any of the income or any of the income or profits due to the Assignor by virtue of the Property or any right or interest therein, nor will it collect in advance any of the rents, income or profits due thereunder.

5. Assignor covenants not to materially alter, modify, amend or change the terms of any Lease once having been executed or give any consent as permission or exercise any option required or permitted by the terms thereof or waive any obligation required to be performed by any tenant without prior written consent of Assignee, or cancel or terminate any such Lease or accept a surrender thereof and Assignor will not make any further transfers or assignments thereof. Assignor further covenants to promptly, on receipt there, deliver to Assignee copies of any and all demands, claims and notices of default received by it from any Tenant under the Leases assigned herein.

6. Upon payment of the principal sum, interest and other indebtedness secured hereby, this Assignment shall be and become null and void; otherwise, it shall remain in full force and effect as herein provided and, the covenants, warranties and power of attorney herein contained shall inure to the benefit of Assignee and any subsequent holders of said Note, and shall be binding upon Assignor, and their heirs, legal representatives, successors and assigns, and any subsequent owner of the Property.

7. Any of the following events or conditions shall constitute an "Event of Default" hereunder;

> Failure by the Assignor to perform any obligations under this Collateral Assignment of Rents by the use of due diligence after notice
>
> Any event of default under the Notes, Mortgage, and modifications thereto, or any other instrument or document executed pursuant thereto or in connection therewith;
>
> The making of a General Assignment by the Assignor for the benefit of creditors, the appointment of a Receiver or Trustee for the Assignor of any of the Assignor's assets, or the institution by or against the Assignor of any kind of insolvency proceedings or any proceedings for the dissolution or liquidation of the Assignor;
>
> The occurrence of any event described in subsection (ii) or (iii) hereof with respect to Assignor or any Endorser or Guarantor or any party liable for payment of the Note; or
>
> Material falsity in any certificate, statement, representation, warranty or audit at any time furnished to the Assignee by or on behalf of the Assignor or any endorser or Guarantor or any other party liable for payment of the Note pursuant to or in connection with this Collateral Assignment of Leases or otherwise (including warranties in this Collateral Assignment of Leases) or including any omission to disclose any substantial contingent or liquidated liabilities or any material adverse change in any facts disclosed by any certificate, statement representations, warranty or audit furnished to the Assignee;
>
> Any event of default under any other Notes, Mortgage, or other instrument or document executed by the Assigner in favor of the Assignee.

This Assignment may not be changed or terminate orally and shall include extensions and renewals of the Leases and any reference herein to said Leases shall be construed as including all extensions and renewals thereof.

The words "Assignor" and "Assignee", wherever used herein shall include the parties named and designated as such and their respective successors and assigns, and all words and phrases shall be taken to include the singular and plural and masculine, feminine or neuter gender, as may fit the cause.

Time shall be of the essence.

File No.: 17-215

UST

IN WITNESS WHEREOF, this instrument has been duly executed the day and year first above written.

Signed, Sealed and Delivered
In the Presence of:

Witnesses

_____
Witness #1 Signature

Nancym Chicfalo
Witness #1 Printed Name

_____
Witness #2 Signature

_____
Witness #2 Printed Name

Buyer:

4465 SW 34 Terrace "L.L.C.", a Florida Limited
Liability Co.

_____
James Stote, Manager

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 5th day of October, 2017, by **James Stote, Manager** of 4465 SW 34 Terrace "L.L.C.", a Florida Limited Liability Co. who ☐ is personally known to me or ☐ produced ___FL DL___ as identification and is authorized to sign on behalf of the corporation.

SEAL

_____
Notary Signature

ALEJANDRA SALAZAR
Commission # FF 130399
My Commission Expires
July 10, 2018

My Commission Expires:

_____
Printed Notary Signature

File No.: 17-215

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 18018906-JKO
Chapter 11

IN RE:

4465 SW 34 TERRACE "L.L.C."

    Debtor.
_____/

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

THIS CAUSE came on to be heard on _____, 2018 at _____ a.m., upon Motion for Relief from Automatic Stay filed by Creditor, GREGORY FARRINGTON [ECF ____], and the Court based on the record, it is

ORDERED as follows:

1. Creditor's Motion for Relief from Stay be, and the same is hereby granted in Order that Creditor may commence or conclude foreclosure proceedings upon the following described property:

    LOT 51, OF FOREST RIDGE CLUSTER HOMES IV A, ACCORDING
    TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 156, PAGE 12,
    OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

    a/k/a 8970 Lake Park Circle N., Davie, FL 33328-6984

Page 1 of 2

**EXHIBIT E**

2. This Order is entered for the sole purpose of allowing Creditor to obtain an in rem judgment against the property including attorneys fees and the costs of this Motion as may be awarded in a foreclosure action and Creditor shall not seek nor obtain an in personam judgment against the Debtor.

3. The 14 day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) is waived so that Creditor may forthwith enforce its lien rights in State Court by proceeding with its action to foreclose on the property which secures the mortgage.

Copies furnished to:

Sax, Willinger & Gold
Stuart M. Gold, Esq.
5801 N.W. 151 Street, Ste. 307
Miami Lakes, FL 33014

The party submitting the order shall serve a copy of the signed order on all required parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F).

# # #

Page 2 of 2